Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Kelsey Schultz (SBN 328159)
kschultz@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS PC
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BLUPRINT CLOTHING CORP., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CHICO'S FAS, INC., a Florida Corporation; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Bluprint Clothing Corp., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff BLUPRINT CLOTHING, CORP. is a corporation organized and existing under the laws of the State of California with its principal place of business in California.

5. Plaintiffs are informed and believe and thereon allege that Defendant CHICO'S FAS, INC., ("CHICO'S") is a Florda corporation that is doing business in and with the State of California, including through its numerous brick and mortar locations in Los Angeles County.

6. Defendants DOES 1 through 10 (together with CHICO'S, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director,

manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

8. Plaintiff did not know or have reason to know of any of Defendants' infringing conduct prior to three years before the filing of this Complaint.

## CLAIMS RELATED TO DESIGN BPSS1225

9. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled BPSS1225 (the "Subject Design A") which has been registered with the United States Copyright Office.

10. On or about March 27, 2015, CHICO'S ordered 11,350 units of clothing bearing Plaintiff's Subject Design A under Purchase Order Numbers 4501797410 and 4501797409.

11. At no point did Plaintiff authorize CHICO'S to copy Subject Design A and it was specifically understood that Plaintiff remained the owner of all copyrights in and to Subject Design A.

12. On or about July 11, 2023, while reviewing www.poshmark.com, Plaintiff discovered a garment manufactured by or for CHICO'S being sold secondhand which featured an unauthorized reproduction and/or derivation of Subject Design A.

13. The offending garments manufactured, imported and/or sold and distributed (hereinafter "Offending Product A") are comprised of fabric featuring reproductions of the Subject Design A or designs which are substantially similar to the Subject Design A. Offending Product A includes but is not limited to the garments sold by CHICO'S bearing the label "Weekends by Chico's," under Style No. 570170097.

14. Prior to July 11, 2023, Plaintiff did not know about, and does not believe it had any reason to know about, the existence of Offending Product A.

15. An exemplar of the Subject Design A, and exemplars of Offending Product A are set forth hereinbelow:



## CLAIMS RELATED TO DESIGN BPSS1391

16. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled BPSS1391 (the "Subject Design B") which has been registered with the United States Copyright Office.

17. On or about June 5, 2018, CHICO'S design team selected ten of Plaintiff's designs for use in clothing to be distributed through CHICO'S outlet locations and requested Plaintiff send its artwork files for each of the ten designs for CHICO'S to recolor. Those designs included Subject Design B which Plaintiff upload to its File Transfer Protocol (FTP) server with CHICO'S on or about June 12, 2018, and that same day CHICO'S confirmed receipt of all files.

18. At no point did Plaintiff authorize CHICO'S to copy Subject Design B, and it was specifically understood that Plaintiff remained the owner of all copyrights in and to Subject Design B.

19. After Plaintiff sent the design file for Subject Design B, CHICO'S never placed an order for garments or fabric bearing Subject Design B from Plaintiff.

20. On or about June 24, 2024, while reviewing www.poshmark.com, Plaintiff discovered a garment manufactured by or for CHICO'S being sold secondhand which featured an unauthorized reproduction and/or derivation of Subject Design B.

21. The offending garments manufactured, imported and/or sold and distributed (hereinafter "Offending Product B") are comprised of fabric featuring reproductions of the Subject Design B or designs which are substantially similar to the Subject Design B. Offending Product B includes but is not limited to the garments bearing the label "Chico's", indicating it was manufactured or otherwise distributed by CHICO'S.

22. Prior to June 24, 2024, Plaintiff did not know about, and does not believe it had any reason to know about, the existence of Offending Product B.

23. A representative sample of Subject Design B, and exemplars of

Offending Product B are set forth hereinbelow:

| Subject Design B | Offending Product B |
|---|---|
|  |  |

## CLAIMS RELATED TO DESIGN BPSD1100

24. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled BPSD1100 (the "Subject Design C") which has been registered with the United States Copyright Office.

25. Subject Design C was also part of the ten Bluprint designs selected by the CHICO'S design team on or about June 5, 2018, which Plaintiff upload to its FTP server with CHICO'S on or about June 12, 2018, and CHICO'S confirmed receipt of.

26. At no point did Plaintiff authorize CHICO'S to copy Subject Design C, and it was specifically understood that Plaintiff remained the owner of all copyrights in and to Subject Design C.

27. After Plaintiff sent the design file for Subject Design C, CHICO'S never placed an order for garments or fabric bearing Subject Design C from Plaintiff.

28. On or about July 19, 2023, while reviewing www.poshmark.com, Plaintiff discovered a garment manufactured and/or sold by CHICO'S bearing illegal reproductions and/or derivations of Subject Design C.

29. Specifically, without authorization, CHICO'S and DOE Defendants, and each of them created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric featuring reproductions of the Subject Design C or designs which are substantially similar to the Subject Design C (hereinafter "Offending Product C"). Offending Product C includes but is not limited to the garments sold by CHICO'S bearing the label "Chico's," under Style No. 570256724, indicating it was manufactured or otherwise distributed by CHICO'S.

30. Prior to July 19, 2023, Plaintiff did not know about, and does not believe it had any reason to know about, the existence of Offending Product C.

31. A representative sample of the Subject Design C, and exemplars of Offending Product C are set forth hereinbelow:

COMPLAINT

| **Subject Design C** | **Offending Product C** |
|---|---|
| | |
| | |

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

32. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

33. Defendants, and each of them, were directly provided access to Subject Design A- C (collectively, the "Subject Designs"), through CHICO'S working

relationship with Plaintiff and Plaintiff supplying the Subject Designs to CHICO'S.

34. Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling Offending Products through a nationwide network of retail stores, catalogues, and through on-line websites.

35. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

36. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Designs in an amount to be established at trial.

37. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    d. That Plaintiff be awarded pre-judgment interest as allowed by law;

    e. That Plaintiff be awarded the costs of this action; and

    f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 14, 2025

DONIGER / BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Kelsey Schultz, Esq.
Andres Navarro, Esq.
Attorneys for Plaintiff